# IN THE COURT OF APPEALS OF IOWA

No. 13-0524
Filed July 16, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARTIN LEON MORALES,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

A defendant appeals from his judgment and sentence for operating a motor vehicle while intoxicated, third offense, and driving while barred. **AFFIRMED.**

Andrew J. Boettger of Hastings, Gartin & Boettger, Ames, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Stephen Holmes, County Attorney, and Mary Howell Sirna, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

Martin Morales appeals his judgment and sentence for operating a motor vehicle while intoxicated, third offense, and driving while barred. He contends his trial attorney was ineffective in (1) only making a cursory motion for judgment of acquittal on the operating while intoxicated charge and in (2) failing to renew the motion at the close of all the evidence.

To prove ineffective assistance of counsel, Morales must show the breach of an essential duty and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). While such claims are generally preserved for postconviction relief, "[a] claim of ineffective assistance of trial counsel based on the failure of counsel to raise a claim of insufficient evidence to support a conviction is a matter that normally can be decided on direct appeal." *State v. Truesdell,* 679 N.W.2d 611, 616 (Iowa 2004). We find the record adequate to decide the issues.

*I.* It is well settled that a motion for judgment of acquittal must specify grounds for the motion. *State v. Brubaker*, 805 N.W.2d 164, 174 (Iowa 2011); *Truesdell*, 679 N.W.2d at 615. Absent specificity, error is not preserved. *See Truesdell*, 679 N.W.2d at 615.

Morales's attorney did not specify the grounds for his motion. He simply asserted, "I'd just move for judgment of acquittal." His general motion failed to preserve error. Accordingly, we are obligated to review Morales's present challenge to the sufficiency of the evidence supporting the jury's finding of guilt under an ineffective-assistance-of-counsel rubric. Within that framework,

if the record in this case fails to reveal substantial evidence to support the convictions, counsel was ineffective for failing to properly raise the issue and prejudice resulted. On the other hand, if the record reveals substantial evidence, counsel's failure to raise the claim of error could not be prejudicial. Consequently, the claim of ineffective assistance of counsel in this case can and should be addressed on direct appeal.

*Id.* at 616.

The jury was instructed that the State would have to prove the following elements of operating while intoxicated: "(1) On or about the 18th day of December, 2011, the defendant operated a motor vehicle. (2) At that time, the defendant was under the influence of an alcoholic beverage or other drug or a combination of such substances." Morales admitted he operated a motor vehicle. With respect to the second element, a reasonable juror could have found the following facts. A woman traveling to Ames came up to a truck and trailer that was driving forty-five miles per hour in a seventy mile per hour zone and was weaving in and out of its lane. The woman followed the vehicle as it exited the highway. In the exit lane, the truck came within a foot of striking another vehicle. The woman contacted the Ames Police Department, which dispatched an officer to the scene. The officer stopped the vehicle, identified the driver as Morales, noticed that he had bloodshot and watery eyes and slurred speech, and administered a horizontal gaze nystagmus test, which showed impairment. The officer arrested Morales. When asked about the basis for the arrest, the officer responded as follows:

> Based on a call with the witness seeing the vehicle driving back, the driving behavior, and then when I found the vehicle it had its left turn signal on was an indicator of impairment. Proceeded to drive forward after I was behind it and had to use my horn, that was an additional indicator, the smell of alcohol, the bloodshot watery eyes,

the confusing answers, the Horizontal Gaze Nystagmus test, as well as the balance displayed during the instructional stage of the walk and turn tests.

A reasonable juror could have found from these facts that Morales was driving under the influence of alcohol. While Morales testified and provided several explanations for his erratic behaviors, a reasonable juror could have credited the State's evidence over his testimony. *See State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006).

Because there was substantial evidence to support the jury's finding of guilt on the operating while intoxicated count, Morales's attorney did not breach an essential duty in failing to articulate specific grounds to support his motion for judgment of acquittal. Accordingly, Morales's first ineffective assistance of counsel claim fails.

*II.* Morales also contends his trial attorney was ineffective in failing to renew his motion for judgment of acquittal at the close of the evidence. Renewal is no longer required. *See State v. Holderness*, 293 N.W.2d 226, 230 (Iowa 1980) ("[W]e will no longer have cases in which a defendant fails on appeal because he overlooked renewing his motion at the end of all the evidence. Thus he may rely on his unrenewed motion in posttrial motions and on appeal."). But even if it were, our determination that the jury's finding of guilt was supported by substantial evidence means counsel did not breach an essential duty in failing to renew the motion. Accordingly, his second ineffective-assistance-of-counsel claim fails.

We affirm Morales's judgment and sentence for operating a motor vehicle while intoxicated.

**AFFIRMED.**